IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ELAINE C. ARAGON,

        Plaintiff,

vs.                                  No. 1:12-cv-00551-JCH-WDS

NEW MEXICO PUBLIC REGULATION
COMMISSION, a state agency, and LARRY
LUJAN and FIDEL ARCHULETA, in their
official and individual capacities,

        Defendants.

## CONFIDENTIALITY ORDER

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority and with the consent of the parties, it is HEREBY ORDERED:

1.       This Confidentiality Order governs the handling of documents, materials, tangible things or other information disclosed by Plaintiff, Elaine Aragon and Defendants, State of New Mexico Public Regulation Commission ("PRC"), Larry Lujan and Fidel Archuleta in discovery in this action, when those items are designated "Confidential Material or Information" in accordance with the procedures herein.

2.       The terms "document" or "documents" shall have the same meaning given under Rule 34 Fed. R. Civ. P. and shall include electronic documents.

3.       "Confidential Material or Information" shall mean documents or information produced by any party to this action that are contained within or which originated from PRC's

employee files; PRC databases; and files containing employee medical or disciplinary information.

    4.    "Confidential Material or Information" shall also mean:

    (a) documents or information produced by Plaintiff and Defendants that contain personal, private, medical, or financial information concerning Plaintiff or Defendants, concerning employees of PRC and its various divisions and offices and concerning individuals and entities regulated by PRC; and

    (b) any information, documents or other tangible items produced by any party designated as "Confidential Material or Information," that the party reasonably and in good faith believes meets the definition of Confidential Material or Information contained in Paragraph 3 or 4 or that constitutes confidential, private, or similarly protected information under applicable statutes or common law or regulations.

    5.    A "Stamped Confidential Document" shall mean any document which on its face bears the following legend:

    **"Confidential, D.N.M., Cause No. 1:12-cv-00551-JCH-WDS"**

Interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or attach materials entitled to protection under this Order may be accorded status as a Stamped Confidential Document.

    6.    <u>Nondisclosure of Stamped Confidential Documents</u>

    Except as provided in Paragraph 7 below or with the prior written consent of the Defendants or the Plaintiff, no Stamped Confidential Document or the substance or any part thereof may be disclosed to any person or entity (*i.e.* an organization as a business or governmental unit that has a legal identity which is separate from those of its members). PRC

may redact individually identifiable confidential information concerning its employees, former employees, and regulated entities contained within documents such as the names of employees and representatives of regulated entities who are not parties to this lawsuit, dates of birth, social security numbers, and home addresses.

       7.    <u>Permissible Disclosures</u>.  A Stamped Confidential Document may be disclosed to:

       (a)  Counsel for the parties in this action who are actively engaged in the conduct of this litigation;

       (b)  The partners, associates, secretaries, paralegal assistants, and employees of such counsel to the extent reasonably necessary to render professional services in the litigation;

       (c)  Any parties, to the extent reasonably necessary to enable them to assist in the prosecution or defense of this action, each of whom shall be required to sign Exhibit A prior to receipt of any Stamped Confidential Document;

       (d)  Experts retained by counsel for the parties to the action, whether engaged as consultants or as testifying experts, who have signed Exhibit A attached hereto;

       (e)  Deponents who have signed Exhibit B attached hereto;

       (f)  Fact witnesses whose testimony any party anticipates using at trial who have signed Exhibit A attached hereto; and

       (g)  Court officials involved in this litigation (including court reporters).

       8.    <u>Other Disclosures</u>.  If a party wishes to disclose a Stamped Confidential Document to any person not described in Paragraph 7 of this Order, permission to so disclose must be requested from the designating party in writing.  If the designating party objects to the proposed disclosure, no such disclosure shall be made unless the Court, upon application by the party seeking disclosure, orders otherwise.  However, the designating party may disclose its own

Stamped Confidential Document without regard to this Confidentiality Order, unless prohibited under an existing order from doing so.  A designating party who discloses its own Stamped Confidential Document in a pleading may not unreasonably object to another party's inclusion of the same Stamped Confidential Document in the non-designating party's response or reply to the designating party's pleading.

9.      Declassification.  Any party may, at any time after production of a Stamped Confidential Document, object to such designation by notifying the designating party in writing of that objection and specifying the designated material or information to which the objection is made.  The parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection.  If the objection is not resolved within thirty (30) days, the party objecting to the designation shall file and serve a motion to resolve the dispute over the designation of the material or information and shall bear the burden of proof on the issue. During the pendency of the 90 day resolution period, the document(s) at issue shall retain it confidential designation.   If no such motion is filed within the stated time period, the material or information will remain subject to the protection of this Order.  If a motion is filed, material and information subject to dispute shall, until further order of the Court, be treated consistently with its designation.  The designating party shall, at its expense, provide additional copies of any material which ceases to be subject to the protection of this Order that is requested by the party who has successfully sought declassification.

10.      Confidential Information in Depositions.

(a) A deponent may, during the deposition, be shown and examined about a Stamped Confidential Document if the provisions of Paragraph 7 have been complied with and the deponent has signed a copy of Exhibit B.  Deponents, other than parties or experts, shall not

retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in Paragraph 7(e) attached as Exhibit B.

(b) The designating party may, at any time within fifteen (15) days after receiving a deposition transcript, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript shall be designated as such by underlining the portions of the pages that are confidential and marking such pages with the legend described in Paragraph 5. Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Order. If a party does not timely designate confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be marked as a Stamped Confidential Document as described above in Paragraph 5. The Court Reporter is hereby authorized to mark the portions of the deposition transcript and exhibit(s) as indicated by the parties pursuant to Paragraph 5 above.

11.   Confidential Information at Trial.   Subject to the Federal Rules of Evidence, a Stamped Confidential Document may be offered in evidence at trial or any court hearing. All parties shall identify in their exhibit lists Stamped Confidential Documents that they intend to use at trial. At the time of the scheduling conference, the Court will set a date with regard to exchanging exhibits and the parties shall agree to and/or propose a procedure for handling confidential documents at trial.

12.   Subpoena by Other Courts or Agencies.   If another court or an administrative agency subpoenas or orders production of a Stamped Confidential Document that a party to this action has obtained under the terms of this Order, that party shall promptly notify the designating

party (*i.e.* the person who marked the document as confidential) and any other person or entity that originally produced the document, designated as confidential of the pendency of such subpoena or order, in writing, within a sufficient amount of time to allow the designating party or producing person or entity to object to the subpoena or order of production.

13.     Use\Filing.   Documents designated as Stamped Confidential Documents, when required to be brought to the Court's attention in connection with pre-trial motions under the Federal Rules of Civil Procedure or in connection with other matters pending before the Court, shall be handled as follows:

(A)     With respect to Confidential Material and Information (*see* Paragraphs 3 and 4 above):

(1) any identifiable personal, private, personnel, medical, and/or financial information which appears in the Stamped Confidential Documents must be redacted such that the identity of the employee or client at issue, other than parties to this litigation, is not discernible.   Any identifiable personal, private, personnel, medical and/or financial information which appears in the Stamped Confidential Documents concerning a party to this litigation, must be redacted in accordance with Rule 5.2 Fed. R. Civ. P.

(2) Stamped Confidential Documents referred to as exhibits in the Parties' motions and memorandums shall be delivered to the Court's "proposed text" E-mail with the subject line marked, "Confidential Document Exhibits in Connection with [Title of Motion]," along with a Motion and proposed Order requesting that the Stamped Confidential Documents be filed under seal with the Clerk's Office.   If the Order meets with the Court's approval, the Court will sign the Order and the Confidential Sealed Documents will be filed under seal with the Clerk's Office, pursuant to the Order entered by the Court.

(B)     With respect to any Confidential Material or Information which is not addressed by the above Paragraph 13(A) and which any party reasonably and in good faith believes meets the definition of Confidential Material or Information contained herein or constitutes confidential, private, or similarly protected information under applicable statutory or common law and is designated as Confidential, said documents may be delivered to the court as provided in Paragraph 13(A).

14.     <u>Client Consultation</u>.   Nothing in this order shall prevent or otherwise restrict counsel from rendering service to their clients and, in the course thereof, relying generally on examination of and communication about Stamped Confidential Documents.

15.     <u>Use Outside of Litigation</u>.   Persons obtaining access to Stamped Confidential Documents under this Order shall use the documents and information contained therein only for preparation and trial of this litigation (including appeals and retrials), and shall not use such documents or the information contained therein for any other purpose, including business, governmental, commercial, administrative, or judicial proceedings, unless such documents are produced in other proceedings.   The stamped documents shall not be disseminated to media outlets or posted in any manner on the internet, or any other electronic medium, which shall make them available to persons or entities other than those included on the dissemination list at Paragraph 7.

16.     <u>Non-Termination</u>.   The provisions of this Order shall not terminate at the conclusion of this action.   Within 120 days after final conclusion of all aspects of this litigation, the designating party shall be responsible for requesting that Stamped Confidential Documents and all copies of same, including exhibits of record, shall be returned to the designating party or, at the option of the designating party, shall be destroyed.   Counsel of record for the party in

possession of Stamped Confidential Documents shall make written certification of compliance herewith and shall deliver the same to counsel for the designating party not more than 150 days after final termination of this litigation.

17.   <u>Modification Permitted</u>.   Nothing in this Order shall prevent any party from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.   Nothing in this Order shall prevent the Court from ordering its modification with or without request by the parties.

18.   <u>Responsibility of Attorneys</u>.   The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of copies of any Stamped Confidential Documents.   Parties shall not duplicate any Stamped Confidential Document except working copies, copies for experts and consultants, copies for exhibits at depositions and copies for filing in court under seal.

19.   <u>No Waiver</u>.

(a) Review of Stamped Confidential Documents or Confidential Material or Information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the material.

(b) The inadvertent, unintentional, or *in camera* disclosure of a Stamped Confidential Document, Confidential Material or Information, privileged and work product documents and information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any designating party's claims of work product or attorney/client privilege or confidentiality.   If the inadvertently produced document or unintentional disclosure should have been marked as a Stamped Confidential Document, the producing party shall provide substitute

documents bearing the proper legend at the same time request is made for return of the inadvertently produced documents.

(c) In the event any party reasonably believes that he or she has inadvertently been provided with Confidential Material or Information, privileged or work product documents and information, (a "non-disclosable document"), that party shall so advise the disclosing party through its counsel.   The disclosing party may request that the receiving party return the inadvertently produced non-disclosable documents within fifteen (15) days.   Attorneys in possession of inadvertently produced non-disclosable documents shall certify in writing, if requested by opposing counsel, that they have destroyed all copies of the non-disclosable documents and any other documents that include information from the non-disclosable documents.

20.   <u>Reservation of Rights</u>.   Nothing contained in this Confidentiality Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the Confidential Material or to object to the production of any documents or information based upon work product, attorney/client communication, or any other privilege or doctrine.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

RESPECTFULLY SUBMITTED BY:

HINKLE, HENSLEY, SHANOR & MARTIN, L.L.P.


/s/ Ellen S. Casey_____
Ellen S. Casey
Jaclyn M. McLean
Hinkle, Hensley, Shanor & Martin, LLP
P.O. Box 2068
Santa Fe, New Mexico 87504-2068
(505) 982-4554
*Attorneys for Defendants New Mexico*
*Public Regulation Commission,*
*Larry Lujan and Fidel Archuleta*


APPROVED BY:

  Electronic approval 12/4/12_____
Arne R. Leonard
Twelfth Street Law Office
201 12th Street, N.W.
Albuquerque, NM 87102
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**ELAINE C. ARAGON,**

       **Plaintiff,**

**vs.**                         **No. 1:12-cv-00551-JCH-WDS**

**NEW MEXICO PUBLIC REGULATION
COMMISSION, a state agency, and LARRY
LUJAN and FIDEL ARCHULETA, in their
official and individual capacities,**

       **Defendants.**

## CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, hereby declare:

I have read and understand the Confidentiality Order to which this Exhibit A is attached and I attest to my understanding that access to Confidential Material, including Stamped Confidential Documents, may be provided to me and that such access is pursuant to the terms and conditions of the Confidentiality Order.

I hereby agree to be bound by the terms of the Confidentiality Order and submit to the jurisdiction of this Court for the purposes of enforcement of this Confidentiality Acknowledgment and the Confidentiality Order and sanctions which may be imposed by the Court for violation of the Order.  I shall not use or disclose to others, except in accordance with the terms of the Confidentiality Order, any Confidential Material.

Date: _____

Print Name: _____

Signature: _____

Address: _____

_____

Representing: _____

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**ELAINE C. ARAGON,**

       **Plaintiff,**

**vs.**                                 **No. 1:12-cv-00551-JCH-WDS**

**NEW MEXICO PUBLIC REGULATION
COMMISSION, a state agency, and LARRY
LUJAN and FIDEL ARCHULETA, in their
official and individual capacities,**

       **Defendants.**

**CONFIDENTIALITY ACKNOWLEDGMENT OF DEPONENT**

I, _____, hereby declare:

I attest to my understanding that access to confidential material, information and documents may be provided to me during my deposition and I agree not to discuss or disclose any information contained in documents designated as confidential and any information disclosed during my deposition to any persons other than my attorneys, the experts retained by the parties to this litigation, the attorneys for the parties to this litigation who are named in the caption above and the agents and employees of these attorneys.  I understand that this acknowledgement does not require me to speak to any attorney or expert outside of the deposition and does not override any rules or laws that may prohibit me from discussing confidential information with these persons outside of the deposition.

Date:          _____

Print Name:    _____

Signature:     _____

Address:       _____

               _____

Representing:  _____

**EXHIBIT B**